UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

RUSSELL DILBECK,                    )
                                    )
          Petitioner,               )
                                    )
     v.                             )
                                    )  Civil Action No.: 05-40095-RGS
DAVID WINN, WARDEN, FMC DEVENS,     )
                                    )
          Respondent.               )
_____     )

## RESPONDENT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF JURISDICTION OVER THE SUBJECT MATTER

## INTRODUCTION

The Respondent, David Winn ("Winn" or "Respondent"), submits this memorandum in support of his Motion to Dismiss For Lack of Jurisdiction Over the Subject Matter pursuant to Fed. R. Civ. P. 12(b)(1). As explained in more detail below, this Court lacks jurisdiction over Petitioner's Petition for a Writ of Habeas Corpus because Petitioner must file his petition in the judicial district which ordered his commitment, namely the Western District of Missouri. Therefore, the petition must be dismissed.

## BACKGROUND

Petitioner, Russell Dilbeck ("Dilbeck" or "Petitioner"), Reg. No. 08269-055, is a federal inmate who is currently civilly-committed at the Federal Medical Center (FMC) in Devens, Massachusetts. *See* Document 1a, Public Information Data, attached to Exhibit 1. Petitioner

requests that he be released to community placement pursuant to 18 U.S.C. § 4247(h).[1]  Petition

of Dilbeck at 6 (Docket No. 1).   Petitioner contends that his "mental disorder is in partial

remission as a result of treatment with psychotropic medication."  *Id*.  Petitioner asserts that this

treatment has helped him recover his sanity.  *Id*.  As relief, Petitioner requests a court order to

secure his release to community placement.  *Id.*

On December 23, 1997, in the United States District Court for the Western District of

New York, Petitioner was ordered to undergo an examination pursuant to 18 U.S.C. § 4241(a) to

determine if Petitioner was presently suffering from a mental disease or defect that rendered him

mentally incompetent to the point of being unable to understand the nature and consequences of

the proceedings against him and to assist in his defense.  *See* Document 1c, Order for Psychiatric

Examination, Docket Number 97-CR-6073T, dated December 23, 1997, attached to Exhibit 1.

Thus, Petitioner arrived in the custody of the Bureau of Prisons on December 24, 1997, as a pre-

trial forensic study inmate.  *See* Document 1a, p. 2-7, attached to Exhibit 1.

Pursuant to a court order dated March 19, 1998, Petitioner was committed to the custody

of the Attorney General in the United States District Court for the Western District of New York

---

[1]18 U.S.C. § 4247(h) states:

Discharge.--Regardless of whether the director of the facility in which a person
is hospitalized has filed a certificate pursuant to the provisions of subsection (e)
of section 4241, 4244, 4245, or 4246, or subsection (f) of section 4243, counsel for
the person or his legal guardian may, at any time during such person's hospitalization,
file with the court that ordered the commitment a motion for a hearing to determine
whether the person should be discharged from such facility, but no such motion may
be filed within one hundred and eighty days of a court determination that the person
should continue to be hospitalized. A copy of the motion shall be sent to the director
of the facility in which the person is hospitalized and to the attorney for the
Government.

2

under the provisions of 18 U.S.C. § 4241(d)(1).  *See* Document 1d, Decision and Order, Docket

Number 97-CR-6073T, dated March 19, 1998, attached to Exhibit 1.  Following his commitment

under § 4241(d)(1), Petitioner was transferred to FMC Springfield, in Missouri on April 9, 1998.

*See* Document 1a, p. 1, attached to Exhibit 1.  On December 18, 1998, the United States District

Court for the Western District of New York issued an order stating that "pursuant to the final

provision of Title 18, United States Code, Section 4241(d), [Petitioner] be and hereby is

committed to the custody of the Attorney General or her authorized representative for further

evaluations and, if appropriate, proceedings under Title 18, United States Code, Section 4246."

*See* Document 1e, Order, Docket Number 97-CR-6073T, dated December 18, 1998, attached to

Exhibit 1.

　　　Petitioner was subsequently committed to the custody of the Attorney General in the

United States District Court for the Western District of Missouri on September 29, 1999, under

the provisions of 18 U.S.C. § 4246.[2]  *See* Document 1b, Commitment Order Under 18 U.S.C. §

---

[2]18 U.S.C. § 4246(d) states:

　　　If, after the hearing, the court finds by clear and convincing evidence that the
person is presently suffering from a mental disease or defect as a result of which
his release would create a substantial risk of bodily injury to another person or
serious damage to property of another, the court shall commit the person to the
custody of the Attorney General. The Attorney General shall release the person to
the appropriate official of the State in which the person is domiciled or was tried if
such State will assume responsibility for his custody, care, and treatment. The
Attorney General shall make all reasonable efforts to cause such a State to assume
such responsibility. If, notwithstanding such efforts, neither such State will assume
such responsibility, the Attorney General shall hospitalize the person for treatment
in a suitable facility, until--
(1) such a State will assume such responsibility; or
(2) the person's mental condition is such that his release, or his conditional release
under a prescribed regimen of medical, psychiatric, or psychological care or treatment
would not create a substantial risk of bodily injury to another person or serious

4246, dated September 29, 1999, attached to Exhibit 1.  Petitioner was transferred from FMC Springfield to FMC Devens, Massachusetts on March 18, 2004.  *See* Document 1a, p. 1, , attached to Exhibit 1.

In accordance with 18 U.S.C. § 4247(e), staff at FMC Devens provided an Annual Risk Assessment Panel Report to the United States District Court for the Western District of Missouri on August 30, 2004.  *See* Document 1f, Letter to The Honorable James C. England from David L. Winn, Warden, dated August 30, 2004, attached to Exhibit 1.  At that time, the Risk Panel felt that petitioner's lack of insight into his mental illness and continued expression of symptoms of Paranoid Schizophrenia would create a substantial risk of bodily injury to another person or serious damage to the property of others if he were released.  *Id.*  The letter indicated that social work staff at FMC Devens would attempt to secure state placement in Idaho for petitioner, as required by 18 U.S.C. § 4246(d).  *Id.*

Records indicate that Petitioner has not filed a Request for Administrative Remedy or any subsequent Administrative Remedy Appeals at any level of the Bureau of Prisons' three tiered system since his transfer to FMC Devens, although he did use the Administrative Remedy process while housed at FMC Springfield.  *See* Document 1g, Administrative Remedy Generalized Retrieval, attached to Exhibit 1.

---

damage to property of another; whichever is earlier. The Attorney General shall continue periodically to exert all reasonable efforts to cause such a State to assume such responsibility for the person's custody, care, and treatment.

## ARGUMENT

I.   **Challenges to Petitioner's 18 U.S.C. § 4246 Commitment Should Be Filed In The District Where He Was Originally Committed**

While Petitioner has filed his petition on a standard form to be used by federal prisoners for filing a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, his petition expressly states that he should be released pursuant to 18 U.S.C. § 4247(h). Petition of Dilbeck at 6 (Docket No. 1). Section 4247(h) states that, "[Petitioner] may file with the court that ordered the commitment a *motion for a hearing* to determine whether the person should be discharged from such facility." Accordingly, the petition should be treated as a motion for a hearing pursuant to section 4247(h).

In order for Petitioner to receive the relief he seeks, he must file his motion for a hearing within the judicial district in which he was committed. *See* 18 U.S.C. § 4247(h). Section 4247(h) plainly states that such a request must be made to "the court that ordered the commitment." 18 U.S.C. § 4247(h). There can be little doubt concerning the congressional intent behind the requirement that a motion under section 4247(h) be made to the court that initially ordered the commitment. That court will already be familiar with the person bringing the motion and the history of his condition, and will therefore be in the best position to determine whether discharge is appropriate and whether specific conditions should be imposed. A committed person should not be able to avoid Congress's intent by the simple expedient of filing a habeas petition under 28 U.S.C. § 2241. To hold otherwise would undermine the unambiguous intent of the comprehensive statutory scheme established by Congress. Dilbeck was ordered committed, not in this court, but in the Western District of Missouri. Accordingly, this Court should dismiss Petitioner's petition subject to refiling in the appropriate court.

5

The Petitioner admits in his filing that the rationale of *Archuleta v. Hedrick*, 365 F.3d 644 (8th Cir. 2004) applies to this case.  *See* Petition of Dilbeck at 6.  In *Archuleta*, the Eighth Circuit held that the petitioner must file in the district that ordered the commitment.  *See Archuleta*, 365 F.3d at 649.  In *Archuleta v. Hedrick*, the appellant was civilly committed by the District of Utah into protective custody.  *Id.*  While the appellant was being held at FMC Springfield in the Western District of Missouri, he petitioned for a writ of habeas corpus within that district.  *Id*. The District Court dismissed the petition.  *Id.*  The Eight Circuit held that challenges to the continued basis for a mental health commitment require that an inmate subject to a commitment should first pursue relief from the judicial district in which the commitment was ordered.  *Id.*; *see also United States v. Copley*, 25 F.3d 660, 662 (8th Cir. 1994).

On September 29, 1999, the United States District Court for the Western District of Missouri issued the order committing Petitioner to the custody of the Attorney General in accordance with the provisions of 18 U.S.C. § 4246.  *See* Document 1b, attached to Exhibit 1. To date, Petitioner continues to be committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246.  *See* Document 1f, attached to Exhibit 1.  Even though Petitioner is currently incarcerated at FMC Devens, any challenge to Petitioner's commitment should be filed in the United States District Court for the Western District of Missouri which is the judicial district which ordered the commitment.[3]

---

[3] Prior to transfer to FMC Devens, Petitioner filed a Petition for Habeas Corpus in the Western District of Missouri asserting that his constitutional rights were being violated since he was imprisoned without having been found guilty of any crime.  *See Dilbeck v. Hendrick*, Civil Case Number 03-CV-3357 (W.D.Mo.). This Petition was dismissed without prejudice on May 7, 2004.  Petitioner has subsequently filed a Notice of Appeal with the United States Court of Appeals for the Eighth Circuit.  Although Petitioner challenged his commitment on constitutional violations in that case, he did not request a determination as to whether he should

For the aforementioned reasons, this Court should dismiss the Petitioner's petition subject to refiling in the Western District of Missouri. Thus, the Court should respectfully grant Respondent's Motion to Dismiss based on lack of subject matter jurisdiction.[4]

---

be discharged pursuant to 18 U.S.C. § 4247(h), as he does in this instant Petition.

[4] Petitioner claims that he is not subject to exhaustion citing to *Perkins v. Hedricks*, 340 F.3d 582 (8th Cir. 2003). Petition of Dilbeck at 6. Petitioner is incorrect that he need not exhaust. A Petitioner seeking relief under 28 U.S.C. § 2241 must exhaust his administrative remedies prior to presenting a claim in federal court. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Court decisions have imposed an exhaustion requirement as a matter of federal common law. *See e.g. McCarthy v. Madigan*, 503 U.S. 140, 144 (1992); *Gonzales v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2003); *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001); *Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999). Although 28 U.S.C. § 2241 does not specifically require petitioners to exhaust administrative remedies, courts may still require, as a prudential matter, that habeas petitioners exhaust available remedies prior to seeking relief under section 2241. *See Castro-Cortez*, 239 F.3d at 1047. The requirement that inmates exhaust their administrative remedies prior to seeking judicial relief serves three purposes: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 761-762 (3d Cir. 1996). The Bureau of Prisons administrative remedy procedure is set out at 28 C.F.R. § 542.10 et seq., and provides formal review of any complaint which relates to any aspect of the inmate's confinement. In the instant case, records indicate that Petitioner has not filed at any level of the Bureau's three-tiered system with regard to his request that he be released to community placement. *See* Document 1g, attached to Exhibit 1. The interests of developing a factual record, judicial efficiency, and administrative autonomy provide a sufficient basis for the Court to use its judicial discretion to dismiss the case for failure to exhaust administrative remedies.

7

## **CONCLUSION**

For the above stated reasons, the Respondent respectfully requests that the Court dismiss

Petitioner's Petition for a Writ of Habeas for lack of jurisdiction over the subject matter pursuant

to Fed. R. Civ. P. 12(b)(1).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


By:      /s/ Jeffrey M. Cohen
Jeffrey M. Cohen
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel. No. (617) 748-3100
Facsimile (617) 748-3969


## CERTIFICATE OF COMPLIANCE

The Respondent takes the position that L.R. 7.1 requires "counsel" to confer and is not applicable where, as here, the opposing party is *pro se*. Alternatively, because Petitioner is a civil detainee currently committed in FMC Devens, counsel for the Respondent respectfully requests leave to file this Motion without a 7.1 conference.

 /s/ Jeffrey M. Cohen
Jeffrey M. Cohen
Assistant U.S. Attorney


## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of July 2004, the foregoing document was served upon Petitioner, Russell Dilbeck, Reg. No. 08269-055, FMC Devens, P.O. Box 879, Ayer, MA 01432 by  mail.

  /s/ Jeffrey M. Cohen
Jeffrey M. Cohen

8

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RUSSELL DILBECK, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 05-CV-40095 |
| | ) | |
| DAVID WINN, Warden, | ) | |
| Respondent. | ) | |
| | ) | |

## DECLARATION OF STEPHANIE SCANNELL

I, Stephanie Scannell, hereby make the following declaration:

1.    I am currently employed by the Federal Bureau of Prisons (BOP) of the United States
      Department of Justice as a Paralegal Specialist at the Consolidated Legal Center located
      at the Federal Medical Center (FMC) in Devens, Massachusetts.  I have been employed at
      this position since approximately March 9, 2003, and have been with the BOP since
      October 6, 2002.

2.    In order to perform my official duties as Paralegal Specialist, I have access to numerous
      records regarding prisoners maintained in the ordinary course of business at FMC
      Devens.  This information includes, but is not limited to, documentary records, Judgment
      and Commitment files, and computerized records maintained on SENTRY, the Bureau of
      Prisons computerized data base.

3.    I have access to the various databases and files concerning administrative remedy claims
      filed pursuant to the Administrative Remedy Program, which are maintained by the
      Bureau of Prisons in the ordinary course of business.  In particular, I have access to
      SENTRY, which maintains a record of all of the administrative remedies filed by an
      inmate, the dates thereof, and the dispositions.  These records reflect every administrative
      remedy claim filed by an inmate in the Bureau of Prisons, while housed in any federal
      institution of the Bureau of Prisons.

Page 1 of 3

4.    The Bureau of Prisons has established an administrative remedy procedure whereby inmates can seek formal review of any complaint regarding any aspect of their imprisonment. Petitioner had available to him the four step procedures set forth in the BOP's Administrative Remedy Program. 28 C.F.R. § 542. In order to exhaust all process under the Administrative Remedy Procedure for Inmates, an inmate must first attempt to informally resolve the dispute with institution staff. 28 C.F.R. § 542.13. If informal resolution efforts fail, the inmate may raise his or her complaint to the Warden of the institution in which he or she is confined, within 20 calendar days of the date that the basis of the complaint occurred. 28 C.F.R. §§ 542.13, 542.14. If the Warden denies the administrative remedy request, the inmate may file an appeal with the Regional Director within 20 calendar days of the date of the Warden's response. 28 C.F.R. §§ 542.14, 542.15. If the Regional Director denies the appeal, the inmate may appeal that decision to the General Counsel of the Federal Bureau of Prisons within 30 calendar days from the date of the Regional Director's response. See 28 C.F.R. §§ 542.14, 542.15. The administrative remedy process is not considered to be "exhausted" until an inmate's final appeal is denied by the Bureau of Prisons General Counsel. This Program is available to inmates confined at the FMC Devens and would include any issues surrounding sentence calculations.

5.    On July 11, 2005, I ran a SENTRY search to determine if inmate Russell Dilbeck, Reg. No. 08269-055, had filed any administrative remedy claims under the Administrative Remedy Program in regard to the allegations in his Petition. A review of his Administrative Remedy Record revealed that Petitioner has not filed any Administrative Remedies at any of the Bureau's three required levels with regard to his request for community placement. Therefore, Petitioner has not exhausted his administrative remedies with regard to the subject of this Petition. A true and accurate copy Administrative Remedy Generalized Retrieval screen for inmate Russell Dilbeck, Reg. No. 08269-055, is attached as **Document 1g.**

6.    Attached hereto, please find true and correct copies of the following documents:
      a.    Public Information Data for inmate Russell Dilbeck, Reg. No. 08269-055, dated July 11, 2005;
      b.    Commitment Order Under 18 U.S.C. § 4246, dated September 29, 1999;
      c.    Order for Psychiatric Examination, Docket Number 97-CR-6073T, dated December 23, 1997;
      d.    Decision and Order, Docket Number 97-CR-6073T, dated March 19, 1998;
      e.    Order, Docket Number 97-CR-6073T, dated December 18, 1998;
      f.    Letter to The Honorable James C. England from David L. Winn, Warden, dated August 30, 2004;
      g.    Administrative Remedy Generalized Retrieval for inmate Russell Dilbeck, Reg. No. 08269-055, dated July 11, 2005.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this _____ day of July 2005

_____
Stephanie J. Scannell
Paralegal Specialist
FMC Devens

# Document 1a

```
       DEVAA                    *       PUBLIC INFORMATION
       PAGE 001                 *         INMATE DATA                          *    07-11-2005
                                *        AS OF 07-11-2005                       *    12:05:06

       REGNO..: 08269-055 NAME: DILBECK, RUSSELL

                        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                        PHONE..: 978-796-1000      FAX: 978-796-1118
       FBI NUMBER.: 206689EA4                      RACE/SEX...: WHITE / MALE
       PROJ REL MT: STUDY AND OBS COMPLETED        DOB/AGE....: 02-10-1954 / 51
       PROJ REL DT: STDY CMPLT                     PAR ELIG DT:
                                                   PAR HEAR DT:
       ------------------------------- ADMIT/RELEASE HISTORY -------------------------------
       FCL   ASSIGNMENT  DESCRIPTION
       DEV   A-DES       DESIGNATED, AT ASSIGNED FACIL   START DATE/TIME   STOP  DATE/TIME
       4-U   RELEASE     RELEASED FROM IN-TRANSIT FACL   03-18-2004 1226  CURRENT
       4-U   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  03-18-2004 1226  03-18-2004 1226
       SPG   TRANSFER    TRANSFER                        03-18-2004 0715  03-18-2004 1226
       SPG   A-DES       DESIGNATED, AT ASSIGNED FACIL   03-18-2004 0615  03-18-2004 0615
       2-A   RELEASE     RELEASED FROM IN-TRANSIT FACL   01-14-1999 2132  03-18-2004 0615
       2-A   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  01-14-1999 2232  01-14-1999 2232
       CPG   ADMIN REL   ADMINISTRATIVE RELEASE          01-04-1999 1104  01-14-1999 2232
       CPG   A-ADMIN     ADMINISTRATIVE ADMISSION        01-04-1999 1104  01-04-1999 1104
       4-D   RELEASE     RELEASED FROM IN-TRANSIT FACL   01-04-1999 1101  01-04-1999 1104
       4-D   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  01-04-1999 1101  01-04-1999 1101
       OTV   HLD REMOVE  HOLDOVER REMOVED                10-27-1998 0943  01-04-1999 1101
       OTV   A-HLD       HOLDOVER, TEMPORARILY HOUSED    10-27-1998 0943  10-27-1998 0943
       A01   RELEASE     RELEASED FROM IN-TRANSIT FACL   10-21-1998 1655  10-27-1998 0943
       A01   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  10-21-1998 1655  10-21-1998 1655
       ATL   HLD REMOVE  HOLDOVER REMOVED                10-21-1998 0855  10-21-1998 1655
       ATL   A-HLD       HOLDOVER, TEMPORARILY HOUSED    10-21-1998 0855  10-21-1998 0855
       A01   RELEASE     RELEASED FROM IN-TRANSIT FACL   10-20-1998 1901  10-21-1998 0855
       A01   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  10-20-1998 1901  10-20-1998 1901
       OKL   HLD REMOVE  HOLDOVER REMOVED                10-20-1998 0900  10-20-1998 1901
       OKL   A-HLD       HOLDOVER, TEMPORARILY HOUSED    10-20-1998 0800  10-20-1998 0800
       SPG   STDY CMPLT  STUDY AND OBS COMPLETED         10-14-1998 1100  10-20-1998 0800
       SPG   A-DES       DESIGNATED, AT ASSIGNED FACIL   10-14-1998 0440  10-14-1998 1100
       B11   RELEASE     RELEASED FROM IN-TRANSIT FACL   04-09-1998 1000  10-14-1998 0440
       B11   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  04-09-1998 1100  04-09-1998 1100
       OKL   HLD REMOVE  HOLDOVER REMOVED                04-09-1998 0540  04-09-1998 1100
       OKL   A-HLD       HOLDOVER, TEMPORARILY HOUSED    04-09-1998 0440  04-09-1998 0440
       A01   RELEASE     RELEASED FROM IN-TRANSIT FACL   04-02-1998 2000  04-09-1998 0440
       A01   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  04-02-1998 2100  04-02-1998 2100
       OTV   HLD REMOVE  HOLDOVER REMOVED                04-02-1998 1223  04-02-1998 2100
       OTV   A-HLD       HOLDOVER, TEMPORARILY HOUSED    04-02-1998 1223  04-02-1998 1223
       4-D   RELEASE     RELEASED FROM IN-TRANSIT FACL   03-31-1998 1655  04-02-1998 1223
       4-D   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  03-31-1998 1655  03-31-1998 1655
       OTV   HLD REMOVE  HOLDOVER REMOVED                03-10-1998 0859  03-31-1998 1655
       OTV   A-PRE       PRE-SENT ADMIT, ADULT           03-10-1998 0859  03-10-1998 0859
       B06   RELEASE     RELEASED FROM IN-TRANSIT FACL   03-10-1998 0639  03-10-1998 0859
                                                         03-10-1998 0639  03-10-1998 0639

       G0002      MORE PAGES TO FOLLOW  . . .
```

```
     DEVAA            *        PUBLIC INFORMATION
     PAGE 002         *           INMATE DATA              *     07-11-2005
                      *         AS OF 07-11-2005           *     12:05:06

     REGNO..: 08269-055 NAME: DILBECK, RUSSELL

                     RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                     PHONE..: 978-796-1000    FAX: 978-796-1118
     B06   A-ADMIT       ADMITTED TO AN IN-TRANSIT FACL  03-10-1998 0153  03-10-1998 0639
     NYM   TEMP REM      TEMPORARY REMOVAL               03-10-1998 0153  03-10-1998 0900
     NYM   A-PRE         PRE-SENT ADMIT, ADULT           02-27-1998 0808  03-10-1998 0153
     NYM   ADM CHANGE    RELEASE FOR ADMISSION CHANGE    03-03-1998 0807  03-03-1998 0808
     NYM   A-DES         DESIGNATED, AT ASSIGNED FACIL   02-27-1998 1936  03-03-1998 0807
     ATL   PRE REMOVE    PRE SENT DETAINEE REMOVED       02-27-1998 0630  02-27-1998 1936
     ATL   A-PRE         PRE-SENT ADMIT, ADULT           02-26-1998 1907  02-27-1998 0630
     A01   RELEASE       RELEASED FROM IN-TRANSIT FACL   02-26-1998 1907  02-26-1998 1907
     A01   A-ADMIT       ADMITTED TO AN IN-TRANSIT FACL  02-26-1998 0930  02-26-1998 1907
     OKL   HLD REMOVE    HOLDOVER REMOVED                02-25-1998 1200  02-26-1998 0830
     OKL   A-HLD         HOLDOVER, TEMPORARILY HOUSED     02-25-1998 0550  02-25-1998 1200
     SPG   STDY CMPLT    STUDY AND OBS COMPLETED         01-15-1998 1200  02-25-1998 0550
     SPG   A-DES         DESIGNATED, AT ASSIGNED FACIL   01-15-1998 1300  01-15-1998 1300
     B11   RELEASE       RELEASED FROM IN-TRANSIT FACL   01-15-1998 0655  01-15-1998 1300
     B11   A-ADMIT       ADMITTED TO AN IN-TRANSIT FACL  01-15-1998 0555  01-15-1998 0555
     OKL   HLD REMOVE    HOLDOVER REMOVED                01-08-1998 1800  01-15-1998 0555
     OKL   A-HLD         HOLDOVER, TEMPORARILY HOUSED     01-08-1998 1900  01-08-1998 1900
     A01   RELEASE       RELEASED FROM IN-TRANSIT FACL   01-08-1998 1035  01-08-1998 1900
     A01   A-ADMIT       ADMITTED TO AN IN-TRANSIT FACL  01-08-1998 1035  01-08-1998 1035
     OTV   HLD REMOVE    HOLDOVER REMOVED                01-06-1998 1639  01-08-1998 1035
     OTV   A-HLD         HOLDOVER, TEMPORARILY HOUSED     01-06-1998 1639  01-06-1998 1639
     2-A   RELEASE       RELEASED FROM IN-TRANSIT FACL   12-24-1997 1057  01-06-1998 1639
     2-A   A-ADMIT       ADMITTED TO AN IN-TRANSIT FACL  12-24-1997 1057  12-24-1997 1057
     CPG   ADMIN REL     ADMINISTRATIVE RELEASE          12-24-1997 1047  12-24-1997 1057
     CPG   A-ADMIN       ADMINISTRATIVE ADMISSION                         12-24-1997 1057
```

G0002        MORE PAGES TO FOLLOW . . .

```
     DEVAA              *
     PAGE 003           *           PUBLIC INFORMATION           *     07-11-2005
                        *              INMATE DATA               *     12:05:06
                                    AS OF 07-11-2005
   REGNO..: 08269-055 NAME: DILBECK, RUSSELL

                         RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                         PHONE..: 978-796-1000     FAX: 978-796-1118
   THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
   THE INMATE IS PROJECTED FOR RELEASE:  STDY CMPLT

   ---------------------CURRENT JUDGMENT/WARRANT NO: 030 ---------------------
   COURT OF JURISDICTION...........: MISSOURI, WESTERN DISTRICT
   DOCKET NUMBER...................: 99-3244-CV-S-RGC
   JUDGE..........................: CLARK
   DATE SENTENCED/PROBATION IMPOSED: 09-29-1999
   DATE WARRANT ISSUED............: N/A
   DATE WARRANT EXECUTED..........: N/A
   DATE COMMITTED.................: 09-29-1999
   HOW COMMITTED..................: 4246 STUDY OR EXAM
   PROBATION IMPOSED..............: NO
   SPECIAL PAROLE TERM............:


   RESTITUTION...: PROPERTY: NO  SERVICES: NO    AMOUNT: $00.00

   ---------------------CURRENT OBLIGATION NO: 010 ---------------------------
   OFFENSE CODE....: 702
   OFF/CHG: ASSAULT

   SENTENCE PROCEDURE.............: 4246 DETERM MENTAL CONDITION FOR RELEASE
   SENTENCE IMPOSED/TIME TO SERVE.: NOT APPLICABLE
   DATE OF OFFENSE................: 01-01-1800




   G0002       MORE PAGES TO FOLLOW . . .
```

```
DEVAA              *
PAGE 004           *           PUBLIC INFORMATION                    *    07-11-2005
                   *              INMATE DATA                        *    12:05:06
                               AS OF 07-11-2005

REGNO..: 08269-055 NAME: DILBECK, RUSSELL

                   RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000    FAX: 978-796-1118
-----------------------------CURRENT COMPUTATION NO: 030 -----------------------

COMPUTATION 030 WAS LAST UPDATED ON 10-06-1999 AT SPG MANUALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 030: 030 010

DATE COMPUTATION BEGAN..........: 09-29-1999
TOTAL TERM IN EFFECT............:
EARLIEST DATE OF OFFENSE........: 01-01-1800

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
PAROLE ELIGIBILITY..............: 0
STATUTORY RELEASE DATE..........: UNKNOWN
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: UNKNOWN
SIX MONTH /10% DATE.............: UNKNOWN
EXPIRATION FULL TERM DATE.......: N/A

NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN

PROJECTED SATISFACTION DATE.....: N/A
PROJECTED SATISFACTION METHOD...: STDY CMPLT




G0002       MORE PAGES TO FOLLOW . . .
```

```
DEVAA            *                                                        *    07-11-2005
PAGE 005         *          PUBLIC INFORMATION                            *    12:05:06
                                INMATE DATA
                              AS OF 07-11-2005
```

REGNO..: 08269-055 NAME: DILBECK, RUSSELL

RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  10-14-1998 VIA HOSTRT CMP

------------------------PRIOR JUDGMENT/WARRANT NO: 020 ------------------------

COURT OF JURISDICTION...........: NEW YORK, WESTERN DISTRICT
DOCKET NUMBER...................: 97-CR-6073T
JUDGE...........................: TELESCA
DATE SENTENCED/PROBATION IMPOSED: 03-19-1998
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 04-09-1998
HOW COMMITTED...................: 4241/44/45 HOSPITAL/TREATMENT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY: NO  SERVICES: NO      AMOUNT: $00.00

-------------------------PRIOR OBLIGATION NO: 010 ----------------------------
OFFENSE CODE....: 702
OFF/CHG: ASSAULT

SENTENCE PROCEDURE.............: 4241 HOSPITALIZATION AND TREATMENT
SENTENCE IMPOSED/TIME TO SERVE.: NOT APPLICABLE
STUDY LENGTH...................:    120 DAYS
DATE OF OFFENSE................: 01-01-1800


G0002      MORE PAGES TO FOLLOW . . .

```
DEVAA            *          PUBLIC INFORMATION
PAGE 006         *            INMATE DATA                    *    07-11-2005
                 *          AS OF 10-14-1998                 *    12:05:06

REGNO..: 08269-055 NAME: DILBECK, RUSSELL

                   RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000    FAX: 978-796-1118
-----------------------------PRIOR COMPUTATION NO: 020 -----------------------

COMPUTATION 020 WAS LAST UPDATED ON 04-13-1998 AT SPG MANUALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 020:    020 010

DATE COMPUTATION BEGAN...........: 04-09-1998
TOTAL TERM IN EFFECT.............:    120 DAYS
TOTAL TERM IN EFFECT CONVERTED..:      3 MONTHS      29 DAYS
EARLIEST DATE OF OFFENSE.........: 01-01-1800

TOTAL JAIL CREDIT TIME...........: 0
TOTAL INOPERATIVE TIME...........: 0
STATUTORY GOOD TIME RATE.........: 0
TOTAL SGT POSSIBLE...............: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED.................: 0
PAROLE ELIGIBILITY...............: N/A
STATUTORY RELEASE DATE...........: N/A
TWO THIRDS DATE..................: N/A
180 DAY DATE.....................: N/A
SIX MONTH /10% DATE..............: N/A
EXPIRATION FULL TERM DATE........: N/A

NEXT PAROLE HEARING DATE.........: UNKNOWN
TYPE OF HEARING..................: UNKNOWN

ACTUAL SATISFACTION DATE.........: 10-14-1998
ACTUAL SATISFACTION METHOD.......: HOSTRT CMP
ACTUAL SATISFACTION FACILITY....: SPG
ACTUAL SATISFACTION KEYED BY....: RGF

DAYS REMAINING...................: 0
FINAL PUBLIC LAW DAYS...........: 0




G0002      MORE PAGES TO FOLLOW . . .
```

```
DEVAA              *                PUBLIC INFORMATION             *     07-11-2005
PAGE 007           *                  INMATE DATA                  *     12:05:06
                   *               AS OF 02-25-1998                *
REGNO..: 08269-055 NAME: DILBECK, RUSSELL

               RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  02-25-1998 VIA STDY CMPLT

----------------------PRIOR JUDGMENT/WARRANT NO: 010 ---------------------
COURT OF JURISDICTION...........: NEW YORK, WESTERN DISTRICT
DOCKET NUMBER...................: 97-CR-6073T
JUDGE...........................: FELDMAN
DATE SENTENCED/PROBATION IMPOSED: 12-23-1997
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 01-15-1998
HOW COMMITTED...................: 4241 THRU 4245 STUDY OR EXAM
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO     AMOUNT:  $00.00

----------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  702
OFF/CHG: ASSAULT

SENTENCE PROCEDURE.............: 4241 DETERM MENTAL COMPETENCY FOR TRIAL
SENTENCE IMPOSED/TIME TO SERVE.: NOT APPLICABLE
STUDY LENGTH...................:     30 DAYS
DATE OF OFFENSE................: 01-01-1800




G0002      MORE PAGES TO FOLLOW . . .
```

```
DEVAA              *        PUBLIC INFORMATION                  *    07-11-2005
PAGE 008 OF 008 *              INMATE DATA                      *    12:05:06
                            AS OF 02-25-1998

REGNO..: 08269-055 NAME: DILBECK, RUSSELL

                    RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000    FAX: 978-796-1118
-----------------------------PRIOR COMPUTATION NO: 010 ----------------------

COMPUTATION 010 WAS LAST UPDATED ON 01-28-1998 AT SPG MANUALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010

DATE COMPUTATION BEGAN..........: 01-15-1998
TOTAL TERM IN EFFECT............:     30 DAYS
TOTAL TERM IN EFFECT CONVERTED..:     30 DAYS
EARLIEST DATE OF OFFENSE........: 01-01-1800

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
PAROLE ELIGIBILITY..............: N/A
STATUTORY RELEASE DATE..........: N/A
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: N/A

NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN

ACTUAL SATISFACTION DATE........: 02-25-1998
ACTUAL SATISFACTION METHOD......: STDY CMPLT
ACTUAL SATISFACTION FACILITY....: SPG
ACTUAL SATISFACTION KEYED BY....: DRR

DAYS REMAINING..................: 0
FINAL PUBLIC LAW DAYS...........: 0

G0000     TRANSACTION SUCCESSFULLY COMPLETED
```

# Document 1b

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action |
| | ) No. 99-3244-CV-S-RGC |
| RUSSELL DILBECK, | ) |
| Defendant. | ) |

## O R D E R

Pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri, the petition herein for determination of defendant's mental condition was referred to the United States Magistrate Judge for preliminary review under § 636(b), Title 28, United States Code.

The United States Magistrate Judge has completed his preliminary review of the petition for determination of defendant's mental condition and has submitted a report and recommendation to the undersigned.

Defendant has filed exceptions to the report and recommendation of the United States Magistrate Judge in which he reiterates his contention that he does not have a mental illness and does not need medication. Additionally, defendant states that the evidence is insufficient to show that defendant's release would create a substantial risk of bodily injury to another person or serious damage to the property of another.

A review of the files and records in this case establishes that the unanimous expert opinion is that defendant suffers from a mental disease or defect and that his unconditional release would create a substantial risk of bodily injury to another person or serious damage to the property of another. At the Hearing before the Magistrate Judge, Derrick Gervin, MSW, Social Worker, testified that efforts are ongoing for state placement, but to date have been unsuccessful. The clear and convincing evidence establishes that commitment under the provisions of § 4246, Title 18, United States Code, is appropriate. It is therefore

ORDERED that defendant's exceptions filed herein be, and they are hereby, overruled. It is further

ORDERED that defendant be, and is hereby, committed under the provisions of § 4246, supra.

*Russell G. Clark*
RUSSELL G. CLARK
Senior United States District Judge

Date: 9/29/99

2

# Document 1c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

RUSSELL DILBECK,

       Defendant.

ORDER FOR
PSYCHIATRIC
EXAMINATION

97-CR-6073T

    The matter having come before the court for a detention
hearing and upon the court's motion for a psychiatric examination
to determine his mental competency pursuant to 18 U.S.C. § 4241,
and the Court being satisfied that there is reasonable cause to
believe that the defendant may presently be suffering from a
mental disease or defect, it is

    ORDERED, that the defendant, Russell Dilbeck, be examined
forthwith at the Springfield Medical Center, Springfield,
Missouri, or any other suitable federal medical facility,
pursuant to 18 U.S.C. § 4241(a) for the following purpose:

    1.   Commitment is to determine if defendant is presently
suffering from a mental disease or defect rendering him mentally
incompetent to the extent that he is unable to understand the
nature and consequences of the proceedings against him and to
assist properly in his defense; and it is further

    ORDERED that pursuant to § 4247(b) defendant, Russell Dilbeck,
is committed to the custody of the Attorney General for placement
at the Springfield Medical Center or any other suitable federal

medical facility for a period not to exceed thirty (30) days for the purposes of this psychiatric examination, and it is further

ORDERED that pursuant to 18 U.S.C. § 4241(c) and § 4247(d) a hearing will be held at 9:00 a.m. on March 16, 1998, or at such other time as may be determined by the court, concerning defendant's competency and it is further

ORDERED that prior to the hearing, psychiatrists at the designated federal medical facility shall submit their psychiatric reports pursuant to 18 U.S.C. § 4247(b) and (c) concerning the defendant to the Hon. Jonathan W. Feldman, United States Magistrate Judge, with a copy to defense counsel, Mark Hosken, Assistant Federal Public Defender, 30 West Broad Street, Suite 106; Rochester, NY 14614, and Assistant United States Attorney Christopher Taffe, 620 Federal Building, 100 State Street, Rochester, New York 14614. The report shall include:

1.  The defendant's history and present symptoms;

2.  A description of the psychiatric, psychological, and medical tests that were employed and their results;

3.  The examiner's findings; and

4.  THE EXAMINER'S OPINIONS AS TO DIAGNOSIS AND PROGNOSIS AS TO WHETHER THE DEFENDANT IS SUFFERING FROM A MENTAL DISEASE OR DEFECT RENDERING HIM MENTALLY INCOMPETENT TO THE EXTENT THAT HE IS UNABLE TO UNDERSTAND THE NATURE AND CONSEQUENCES OF THE PROCEEDINGS AGAINST HIM OR TO ASSIST PROPERLY IN HIS DEFENSE.

ORDERED that Christopher Tuite, Assistant United States Attorney, or other members of the United States Attorneys Office,

2

shall provide to the facility at which the defendant is
transported for this examination a copy of the criminal complaint
and supporting documents and other investigative materials or
statements concerning the circumstances of the offense for use by
medical personnel in aid of the psychiatric examinations; and it
is further

ORDERED that defense counsel be given the opportunity to
provide to the examiner whatever information, documents, medical
reports or other materials regarding the defendant in order to
assist the examiner in evaluating the defendant; and it is
further

ORDERED that the period of time, extending from December 22,
1997, to the conclusion of all proceedings necessary to determine
the mental competency of defendants shall be excluded from the
time period specified in the Speedy Trial Act, 18 U.S.C. § 3161
et. seq. pursuant to § 3161(h)(1)(A), and it is further

ORDERED that at the conclusion of the mental examinations
the defendant shall be returned to the custody of the United
States Marshal, Rochester, New York.

SO ORDERED.

_____
JONATHAN W. FELDMAN
UNITED STATES MAGISTRATE JUDGE

DATED:    Rochester, New York
          December 13_, 1997

Delivered on _1-15-98_ to _MCFP-SPG_
at _SPG-MO_ by Bus Lt. _X.E. Cofe_

ATTEST: A TRUE COPY
U.S. DISTRICT COURT, WDNY
RODNEY C. EARLY, CLERK

By _Diana M. Duque_
                    Deputy Clerk
Original Filed _12/22/97_

**Document 1d**

                                                            FILED

UNITED STATES DISTRICT COURT                               98 MAR 19  PM 2:40
WESTERN DISTRICT OF NEW YORK
                                                           U.S. D____  COURT
                                                           WD___.  ____TER
UNITED STATES OF AMERICA,

v.                                                          97-CR-6073T

RUSSELL DILBECK,                                            DECISION
OB269- 055                                                 and ORDER
                              Defendant.


        On March 16, 1998, Magistrate Judge Jonathan Feldman issued a
Report  and  Recommendation  in  which  he  recommended  that  the
defendant,  Russell  Dilbeck,  be  committed  to  the  custody  of  the
Attorney General pursuant to Title 18, United States Code, Section
4241.  After  conducting  a  hearing  and  giving  careful  consideration
to  a  psychological  report,  the  Magistrate  Judge  found  that  the
defendant  presently  suffers  from  a  mental  disease  or  defect
rendering him mentally incompetent to the extent that he is unable
to  understand  the  nature  and  consequences  of  the  proceedings
against him or to assist properly in his defense.

        The  parties  have  waived  the  statutory  ten-day  period  for
filing  objections  and  defendant's  counsel,  Mark  D.  Hosken,  Esq.,
has indicated to this Court that the defendant has no opposition to
the Magistrate's Report and Recommendation.  Having reviewed the
Report and Recommendation, I find it to be in accord with the law
and the record before me.

WHEREFORE, the findings in Magistrate Judge Feldman's March 16, 1998 Report and Recommendation are adopted in all respects. The defendant is hereby committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility pursuant to the provisions of Title 18, United States Code, Section 4241(d)(1).

ALL OF THE ABOVE IS SO ORDERED.

MICHAEL A. TELESCA
United States District Judge

DATED:    Rochester, New York
          March  19 , 1998

# Document 1e



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

NO. 97-CR-6073

-vs-

RUSSELL DILBECK,

Defendant.

Medical Center For Federal Prisoners
RECORD OFFICE

JAN 1 4 1999

RECEIVED

### ORDER

This matter having come before the Court on December 15, 1998 for consideration of the government's motion for an order pursuant to the last paragraph of Title 18, United States Code, Section 4241(d), and upon being advised that the defense intended to offer no additional evidence, it is hereby

ORDERED that, pursuant to the final provision of Title 18, United States Code, Section 4241(d), the defendant be and hereby is committed to the custody of the Attorney General or her authorized representative for further evaluations and, if appropriate, proceedings under Title 18, United States Code, Section 4246.

DATED:    Rochester, New York, December 18, 1998.

ATTEST: A TRUE COPY
U.S. DISTRICT COURT, W. NY
RODNEY C. EARLY, CLERK

By _____
Deputy Clerk

Original Filed 12-21-98

HON. MICHAEL A. TELESCA
UNITED STATES DISTRICT JUDGE

# Document 1f



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Medical Center, Devens*

P.O. Box 880
Ayer, MA 01432

August 30, 2004

The Honorable James C. England
2200 U.S. Courthouse
222 North John Q. Hammons Parkway
Springfield, MO 65808

RE:    DILBECK, Russell
       Case No.: 99-3244-CV-S-RGC
       Reg. No.: 08269-055

Dear Judge England:

Mr. Russell Dilbeck was committed to the custody of the Attorney General, pursuant to Title 18 U.S.C. Section 4246(d), per order of the Honorable Russell G. Clark dated September 29, 1999. Mr. Dilbeck was transferred to this institution on March 18, 2004, and has received psychiatric care and treatment at this facility.

Enclosed is the annual Risk Assessment Panel Report prepared by our clinical staff. It is the opinion of the Risk Panel that Mr. Dilbeck's lack of insight into his mental illness and continued expression of symptoms of Paranoid Schizophrenia would create a substantial risk of bodily injury to another person or serious damage to the property of others if he were released. Therefore, the Risk Assessment Panel recommends continued placement for inpatient psychiatric treatment.

As required by the statute, our social work staff will seek state placement in Idaho for Mr. Dilbeck.

I hope this information is helpful. If you have any questions or comments, I may be reached at (978)-796-1100.

Sincerely,

*for G.E. Heath, Acting Warden*
David L. Winn
Warden

Enclosure

# Document 1g

*  ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL  *                07-08-2005
                                                                  14:32:06
PAGE 001
        FUNCTION: LST SCOPE: REG   EQ 08269-055   OUTPUT FORMAT: SAN
-------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW---------
DT RCV: FROM _____ THRU _____    DT STS: FROM _____ THRU _____
DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT RDU
DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT TRT
STS/REAS: _____ _____ _____ _____ _____ _____ _____ _____
SUBJECTS: _____ _____ _____ _____ _____ _____ _____ _____
EXTENDED: ____ REMEDY LEVEL: _ _    RECEIPT: _ _ _ "OR" EXTENSION: _ _
RCV  OFC : EQ ____
TRACK:  DEPT: ____
        PERSON: _____
          TYPE: ____
EVNT FACL: EQ _____
RCV FACL.: EQ _____
RCV UN/LC: EQ _____
RCV QTR..: EQ _____
ORIG FACL: EQ _____
ORG UN/LC: EQ _____
ORIG QTR.: EQ _____

G0002        MORE PAGES TO FOLLOW . . .

07/18/2005  08:22  9787951848  Case 4:05-cv-40005-RGS  1 v Document 6-2  Filed 07/19/2005  Page 30 of 31  PAGE  23/24

| REMEDY-ID | SUBJ1/SUBJ2 | ------------------ABSTRACT------------------ | | | |
|---|---|---|---|---|---|
| | RCV-OFC | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
| 284242-F1 | 19EM/ | CONTENDS HE HAS BEEN WAITING FOR PLACEMENT IN AN | | | |
| | SPG | SPG | 12-02-2002 | CLO | 12-31-2002 |
| 284242-R1 | 19EM/ | CONTENDS HE HAS BEEN WAITING FOR PLACEMENT IN AN | | | |
| | NCR | SPG | 01-09-2003 | REJ | 01-09-2003 |
| 284242-R2 | 19EM/ | CONTENDS HE HAS BEEN WAITING FOR PLACEMENT IN AN | | | |
| | NCR | SPG | 01-27-2003 | CLD | 02-04-2003 |
| 294328-F1 | 28ZM/ | HE DOES NOT FEEL THAT HE NEEDS AN INDEFINITE | | | |
| | SPG | SPG | 03-26-2003 | CLO | 04-07-2003 |
| 294328-R1 | 28ZM/ | HE DOES NOT FEEL THAT HE NEEDS AN INDEFINITE | | | |
| | NCR | SPG | 04-16-2003 | CLD | 04-24-2003 |
| 300462-F1 | 25SM/ | CONTENDS THERE IS SMOKING IN THE UNIT AND IT IS | | | |
| | SPG | SPG | 05-30-2003 | CLD | 06-06-2003 |

G0002      MORE PAGES TO FOLLOW . . .

```
                       ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL  *    07-08-2005
PAGE 003 OF 003  *                      SANITIZED FORMAT                 14:32:06
   REMEDY-ID      SUBJ1/SUBJ2   --------------------ABSTRACT---------------------
                  RCV-OFC       RCV-FACL      DATE~RCV        STATUS    STATUS-DATE

294328-A1         28ZM/         FEELS LIKE HE IS NO THREAT TO INMATES
                  BOP             SPG         06-03-2003        CLD       07-08-2003

300462-R1         25SM/         CONTENDS THERE IS SMOKING IN THE UNIT AND IT IS
                  NCR             SPG         06-18-2003        CLD       06-25-2003

300462-A1         25SM/         CONTENDS THERE IS SMOKING IN THE UNIT
                  BOP             SPG         08-18-2003        CLD       10-03-2003



                          9 REMEDY SUBMISSION(S) SELECTED
G0000               TRANSACTION SUCCESSFULLY COMPLETED
```